# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NAOMI ANDERSON,**

      **Plaintiff,**

**v.**                                                        **Case No:  6:17-cv-220-Orl-31GJK**

**SCHOOL BOARD OF ORANGE**
**COUNTY and LEROY LEE,**

      **Defendants.**

## ORDER

This case is brought by Naomi Anderson, as natural parent and guardian of L.M., her 12-year-old son. In her Complaint (Doc. 1), Anderson alleges that while L.M. was on a school bus travelling to his elementary school, he was severely beaten by Defendant Leroy Lee, a bus driver employed by Defendant School Board of Orange County (henceforth, the "School Board"). (Doc. 1 at 4). According to Anderson, Lee grabbed L.M., tossed him on the floor, and assaulted him by repeatedly kicking him in the face, body, feet, and legs, subjecting him to excessive physical, emotional, and verbal abuse. (Doc. 1 at 4).

Anderson has filed suit against both the School Board, which has not yet been served, and against Lee individually. The claims against Lee are set forth in Count II (violation of civil rights under 42 U.S.C. § 1983), Count IV (assault), Count VI (battery), and Count VII (intentional infliction of emotional distress). On March 13, 2017, Lee moved to dismiss these counts, contending that they were barred by Florida's employee immunity statute, Fla. Stat. § 768.28(9). (Doc. 10)  Anderson filed a response (Doc. 12) to that motion.

Florida's employee immunity statute provides that a state officer, employee, or agent cannot be held personally liable in tort while acting within the scope of his or her employment "unless such officer, employee or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard to human rights, safety or property." Fla. Stat. § 768.28(9). The allegations in the Complaint are sufficient to satisfy this exception to the statute, so the Florida state law tort claims against Lee will not be dismissed.[1] Accordingly, it is

**ORDERED** that the Motion to Dismiss (Doc. 4) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 30, 2017.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] Lee makes no argument as to why the Section 1983 claim is deficient.